UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODORE CARLTON RICHARDSON,

     Appellant,

v.                             Case No.: 8:07-cv-01492-T-17

RON PETERSON, TRUSTEE OF THE
JACQUELINE OVERTON TRUST,

     Appellee.
_____/

## ORDER ON APPELLANT'S MOTION FOR SUMMARY REVERSAL

     The matter before the Court is appellant's, Theodore Carlton Richardson, appeal from the Final Judgment of the United States Bankruptcy Court. The appellant filed a Motion for Summary Reversal and accompanying brief. Appellee, Ron Peterson, filed a brief opposing the motion and requesting the Court affirm the final judgment entered by the bankruptcy court. A review of the record indicates that, for the following reasons, the appellant's Motion for Summary Reversal should be **DENIED**.

### BACKGROUND

     This is an appeal from the Order on Plaintiff's Motion to Determine Dischargeability of Judgment and Final Judgment in Favor of the Plaintiff. The Order and Final Judgment were entered by the United States Bankruptcy Court for the Middle District of Florida on May 18, 2007. Doc. 1, No. 15-16.

     The instant case originated in the District of Columbia in 1994. The appellant, debtor Theodore Richardson (Richardson), filed a bankruptcy petition with the United States Bankruptcy Court for the District of Columbia in April 1994. Doc. 5 at 7. Thereafter, the

appellee, a representative of the Jacquelyn Overton Trust (Trust), filed an adversary proceeding against Richardson. Doc. 5 at 7. The adversary proceeding related to Richardson, a former attorney appointed as Trustee of the Overton Trust in the late 1980's, allegedly overcharging and misappropriating funds belonging to the Trust. The Trust had filed a civil complaint against Richardson in Florida state court in 1990 on the matter. In June 1994, the Trust filed its first motion (Ex. "B") requesting that the money owed to it be exempt from discharge in the bankruptcy proceedings. Doc. 5 at 7.

The case was transferred to the bankruptcy court of the United States District Court for the Middle District of Florida in 1994. In December 1994, Richardson obtained an order of discharge from the bankruptcy court. In March 1995, the Trust filed an amended complaint (App. "A") in the Florida bankruptcy court asserting that the debt owed to the Trust by Richardson was non-dischargeable in the bankruptcy proceeding. Thereafter, in November 1995, the bankruptcy court abated the dischargeability proceedings until the Trust liquidated its civil action against Richardson in a court of competent jurisdiction.

In 2004, the Trust obtained a judgment against Richardson in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida based upon its original state court complaint. The court found in favor of the Trust on Count I, Breach of Fiduciary Duty, and Count II, Civil Theft. Doc. 1, No. 13, Ex "C." In the state court litigation, Richardson alleged, amongst other defenses, that the state court lacked personal jurisdiction over him and subject matter jurisdiction over the claim. The Florida court rejected these arguments and held a bench trial on Richardson's liability to the Trust.

With respect to Count I, breach of fiduciary duty, the court found that "there has been an absolute breach in that Mr. Richardson withdrew and received various funds from these trust

2

accounts . . . which ultimately totaled $61,977.67 . . . [a]lthough Mr. Richardson did perform some legal services for the trust, that these sums as received . . . exceeded any reasonable fee for these services; moreover that Mr. Richardson acted wrongfully and in absolute violation of his fiduciary responsibility to the trust when he knowingly, willfully and voluntarily billed and then took these funds without having had any lawful claim to these funds." Doc. 1, No. 13, Ex. "C." As to Count II, the court found Richardson ". . . knowingly obtained trust funds with the intent to permanently deprive the trust of those funds and appropriate those funds to his own use." Doc. 1, No. 13, Ex. "C." The court entered a judgment against Richardson for $208,880.00.

Richardson appealed the judgment, including his jurisdictional and constitutional claims, to the Second Florida District Court of Appeals. The appellate court affirmed the judgment of the trial court. Richardson subsequently appealed to the Florida Supreme Court, which denied his petition for a writ of mandamus for lack of the court's authority to hear jurisdictional claims.

In January 2007, the Trust reopened the adversary proceedings to determine dischargeability. The bankruptcy court accepted motions from each side and held a hearing to determine whether the judgment, won in the Florida court, was non-dischargeable. The bankruptcy court found Richardson's debt to the Trust non-dischargeable, pursuant to 11 U.S.C.S. § 523(a)(4). Doc. 1, No. 15-16. The court rejected the Trust's § 523(a)(2), fraud, and § 523(a)(6), intent to injure, grounds for non-dischargeability, holding that findings of the Florida trial court were insufficient to satisfy of the elements of these exemptions from discharge.

Richardson asks this Court for summary reversal of the Final Judgment of the bankruptcy court.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158, this Court has jurisdiction to hear this appeal from a final judgment issued by the United States Bankruptcy Court. The Court reviews the legal decisions of the Bankruptcy Court *de novo*. There is no presumption of validity as to the bankruptcy court's findings or recommendations. 1-3 Collier on Bankruptcy 3.03 (15th ed. rev. 2008). Rather, there is an independent review of the facts and the decision rendered.

The Court applies a "clearly erroneous" standard to the factual determinations of the Bankruptcy Court. In re Sublett, 895 F.2d 1381 (11th Cir. 1990). Notably, it is the function of the Bankruptcy Court, not this Court to make factual findings. Where there is absence or uncertainty concerning factual information, the district court must remand the case to the bankruptcy court to make the necessary factual determinations. Id., *citing* Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987).

## DISCUSSION

Appellant Richardson argues that the bankruptcy court's Order and Final Judgment on the Plaintiff's Motion to Determine Dischargeability of Judgment, entered in favor of the Trust, should be reversed.

On appeal to this Court, Richardson asserts, firstly, that the judgment of the Florida state court should not have been given full faith and credit because the state court lacked personal jurisdiction and subject matter jurisdiction to hear the case. Contrary to Richardson's position that this court is bound to go behind the state court judgment and examine jurisdiction, this Court lacks the authority to conduct an appellate review over a final state court judgment under the Rooker-Feldman doctrine. Secondly, Richardson contends that the Trust failed to file a timely

4

objection to discharge in accordance with 11 U.S.C. § 523 and 11 U.S.C. § 524 and, thus, the bankruptcy court effectively discharged the debt. 11 U.S.C.S. § 523 (LEXIS 2008), 11 U.S.C.S. § 524 (LEXIS 2008). This Court finds, based on the judgment of the Florida court, Richardson's debt to the Trust was non-dischargeable under § 523(a) and, accordingly, § 524(a) did not discharge the debt by operation of law. Moreover, the Trust objected to discharge on three occasions, culminating in the bankruptcy court's Final Judgment to Determine Dischargeability in favor of the Trust.

## A.    Appellant's argument that the state court judgment is void

Richardson argues that because final judgment by the Florida court was rendered without personal or subject matter jurisdiction, and in violation of his due process right to a trial by jury, it should not have been accorded full faith and credit by the bankruptcy court. In the bankruptcy court discharge hearing, Judge May rejected this argument on the grounds that the bankruptcy court is prohibited by the Rooker-Feldman doctrine from acting as appellate court over a state court's final decision. Bankr. Doc. 76 at 19.

This Court considers Richardson's argument in light of Section 1257 of the United States Code, which permits only the United States Supreme Court to review "final judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C.S. § 1257 (LEXIS 2008). The Rooker-Feldman doctrine is premised on this statute and prevents federal district courts and federal appellate courts from reviewing final state court decisions.[1]

---

[1]  The Eleventh Circuit has described the Rooker-Feldman doctrine as follows: "The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Goodman v. Sipos, 259 F.3d 1327, 1339 (11th Cir. 2001) citing Siegel v. Lepore, 234 F.3d 1163, 1172 (11th Cir. 2001). See also District Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983); Rooker v. Fidelity Trust, 263 U.S. 413 (1923).

The doctrine prevents losing state court litigants from obtaining federal review and rejection of a final state court judgment, based on a claim that the state court judgment violates their federal rights. *See* 18 Susan Bandesupdates & Thomas D. Rowe, Jr., Moore's Federal Practice - Civil §133.30 (2008); Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865, 873 (11th Cir. 2006) *citing* Exxon Mobil Corp. v. Saudi Indus. Corp., 544 U.S. 280 (2005); GASH Assocs. v. Village of Rosemont. LEXIS 16935 (7th Cir. 1993). Instead, a party who seeks to appeal a final state court decision must do so through the customary state appellate process, not through the federal system.

Four criteria must be met for the Rooker-Feldman doctrine to preclude federal review of a state court judgment: the party in federal court is the same as the party in state court; the prior state court ruling was a final or conclusive judgment on the merits; the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceedings; and the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. Mickens, 181 Fed. Appx. at 872-73 *citing* Amos v. Glynn County Bd. Of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003). An exception to the doctrine arises where parties did not have reasonable opportunity to litigate an issue in state court. However, where the issue was raised and unsuccessfully litigated in state court, Rooker-Feldman bars review by lower federal courts.

Richardson's urges this Court to reverse because final judgment of the Florida court, which was declared non-dischargeable by the bankruptcy court, is allegedly void *ab initio*. Although some courts have created an exception to Rooker-Feldman where a federal bankruptcy court finds a state court judgment is void *ab initio* for lack of personal or subject matter jurisdiction, the exception is rarely invoked. In re James. 940 F.3d 46, 52 (3d Cir. 1991); Ferren

v. Searcy Winnelson Co., 203 F.3d 559, 560 (8th Cir. 2000). Moreover, some courts have explicitly refused to establish it. Ferren, 203 F.3d at 560. This Court is unaware of a case in the Eleventh Circuit that has recognized a void *ab initio* exception to the Rooker-Feldman doctrine and this Court declines to create the exception here.

This Court rejects Richardson's argument and finds that the elements of the Rooker-Feldman doctrine are met. Richardson was directly involved, as the defendant, in the Florida court proceedings. The judgment of the Florida court was a judgment on the merits, holding Richardson liable to the trust for breach of fiduciary duty and civil theft. Doc. 1, No. 13, Ex. "C." Richardson had the opportunity to defend himself in front of the Florida court. Moreover, Richardson also had an opportunity to, and did, raise his jurisdictional and constitutional objections. Doc. 1, No. 14 at 70-71. The trial court rejected these objections, as did the Second District Court of Appeals. Doc. 1, No. 14 at 70-71, Doc. 5 at 9. The Florida Supreme Court denied certiorari on the case. Doc. 5 at 9. The issue of jurisdiction was litigated by Richardson and adjudicated by the highest state court available. Under the Rooker-Feldman doctrine, this Court is barred from further review of the final judgment of the Florida court. If Richardson wishes to further appeal the decision of the Florida court, he must follow the appropriate state court procedures and may ultimately appeal to the United States Supreme Court. 28 U.S.C.S. § 1257.

Therefore, because this Court lacks jurisdiction to conduct an appellate review of a Florida court judgment under the Rooker-Feldman doctrine, Richardson's jurisdictional and constitutional objections to the final judgment of the Florida court are rejected.

**B. Appellant's argument that the plaintiff failed to timely object to the discharge of the debt**

Richardson further argues that the bankruptcy court's judgment on non-dischargeability should be reversed because no opposition to discharge was timely filed by the Trust before Richardson's discharge was granted to December 1994. The bankruptcy court rejected the argument, holding that the findings of the Florida court met the elements of § 523(a) (4) and the judgment was non-dischargeable. The bankruptcy court further noted that noting Florida judgment was res judicata and collateral estoppel as to Richardson's liability to the Trust. Bank. Doc. 76 at 18-19.

**1. Whether the debt was non-dischargeable**

Under § 523(a), exceptions from discharge, debts incurred by wrongful conduct are not dischargeable in bankruptcy proceedings. The purpose of § 523(a) is to ensure that debtors do not avoid the consequences of their wrongful conduct by filing for bankruptcy. Notably, it is exclusively within the jurisdiction of the bankruptcy court to determine whether debt is non-dischargeable under subsections (2), (4), or (6) of § 523(a). 11 U.S.C. § 523 (LEXIS 2008). From a procedural standpoint, a creditor, to whom the debt is owed under § 523(a) (2), (4), or (6), must give notice and request a non-discharge hearing from the bankruptcy court to effectively exempt the debt from discharge.

In the instant case, the language of § 523(a) (4) establishes that the Trust's state court judgment against Richardson is non-dischargeable. Section 523(a) (4) states, "a discharge under section 727, 1141, 1228(b), or 1328(b) of this title . . . does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." For § 523(a) (4) to be applicable, a fiduciary relationship must be evidenced by an

express or technical trust, including a "segregated trust res, an identifiable beneficiary, and affirmative trust duties." Smilack v. Slizyk, 19 Fla. L. Weekly Fed. B 378 *citing* Cladakis v. Triggiano. 132 B.R. 486,490 (Bankr. M.D. Fla 1991). The Florida court judgment held Richardson liable for breach of fiduciary duty and civil theft. The judgment was based on a written contract between Richardson and the Trust in which Richardson was appointed to act as Trustee. Doc. 1, No. 14 at 70. The Florida court specifically found that Richardson committed an "absolute violation of his fiduciary responsibility to the trust when he knowingly, willfully and voluntarily billed and then took these funds without having had any lawful claim to these funds." Thus, by its plain language, the judgment of the Florida court establishes the elements § 523(a) (4). Under the doctrine of preclusion, this Court is prohibited from re-evaluating the judgment of the Florida court.

## 2. Whether the Trust followed the proper procedure to object to discharge

The Court next considers Richardson's argument that that, because the Trust failed to properly object to the discharge as required by § 523 and § 524, the debt was discharged in the bankruptcy proceedings.

Richardson urges that, by operation of law, § 524(1) extinguishes his liability to the Trust. Richardson contends that debts under § 523(4) are not automatically discharged and "the filing of a non-dischargeable complaint alone is not sufficient to overcome the voiding that occurs under § 524(a) (1) by operation of law." Doc. 5 at 15. Richardson's reading of § 524 independent of § 523 is erroneous. Under § 523, the underlying debt owed by Richardson to the Trust was non-dischargeable. *See supra* pp. 8-9. Section 524 states "[a] discharge in a case under this title . . . voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . ."

But. because Richardson's underlying debt was non-dischargeable, it is inappropriate to apply §
524(a) (1) to excuse the debt via discharge.

The Court next considers Richardson's position that the party seeking a non-discharge of
debt must file a non-dischargeability complaint and an objection to discharge. Richardson relies
on the U.S. Supreme Court Kelly v. Robinson to support his assertion that the Trust did not
follow the proper procedure in objecting to discharge.  In Kelly, the Supreme Court noted that
"debts that are protected from discharge only by § 523(a) (2) or § 524 (a) (4) are discharged
unless the creditor files an objection to discharge during the bankruptcy proceedings." Kelly,
479 U.S. 36, 43 Fn. 3 (1986).  Contrary to Richardson's position. Kelly does not state that a
creditor must file a complaint and lodge an objection to discharge.  Rather, the Court in Kelly
merely articulated § 523(c):  a creditor opposing discharge under § 523(a) (2). (4). or (6) must
file an objection. and it is up to the court, after notice and a hearing, to determine whether such
debt is to be excepted from discharge.

An additional procedural consideration is Rule 4007(c) of the Bankruptcy Code.  The rule
states that the complaint to determine the dischargeability of debt under § 523(c) must be filed
"no later than 60 days after the first date set for the meeting of creditors under § 341(a)," unless,
"on a motion of a party in interest, after hearing on notice, the court may extend the time fixed
under this subdivision."  Section 523(a) (3) (b) excepts, from this time requirement, § 523 (c)
debts which were not scheduled in time to permit timely filing of a proof of claim and request for
a determination of dischargeability. unless the creditor had notice or actual knowledge of the
bankruptcy case. U.S.C.S. Bank. R. 4007 (LEXIS 2008).

In the instant case, the Trust filed its original amended complaint against Richardson in
Florida in 1990. A clerk's default was entered in 1992. Richardson filed for bankruptcy on

April 1, 1994. On June 28, 1994, the Trust filed a bankruptcy complaint to determine non-dischargeability of its 1990 claim pending against Richardson. Richardson alleges that this filing was just outside the 60-day window required by Bank. R. 4007(c). This Court does not have the entire bankruptcy record in front of it to determine whether the complaint was timely filed. Nonetheless, the Court concludes that even if were outside the 60-day time frame, the creditor's complaint falls under the § 523(a) (3) (b) exception because the Trust's debt was an unscheduled § 523(a) (2), (4), or (6) debt at the time Richardson filed for bankruptcy. Moreover, the Trust filed complaints to determine dischargeability once it became aware of the bankruptcy proceedings.

On May 18, 2007, the bankruptcy court entered a Final Judgment holding the debt established by state trial court non-discharged. This Court affirms the judgment of the bankruptcy court. The elements of § 523(c) non-dischargeability, fraud or defalcation by fiduciary, were met in the state action. Moreover, under § 523(a) (3) (b), the Trust continually objected to the discharge of Richardson's debt. Therefore, Richardson's arguments regarding the discharge of the debt under § 524(a) and the timeliness of the Trust's objections to discharge are rejected. Accordingly, it is

**ORDERED** that the Final Judgment on Plaintiff's Motion to Determine Dischargeability of Judgment entered by the Bankruptcy Court is **AFFIRMED**. The Clerk is directed to enter judgment for the Appellee and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida this _7_ day of August 2008.



ELIZABETH A. KOVACHEVICH
United States District Judge

cc: All Parties and Counsel of Record