UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODORE CARLTON RICHARDSON,

    Appellant.

v.                                                      Case No.: 8:07-cv-01492-T-17

RON PETERSON, TRUSTEE OF THE
JACQUELINE OVERTON TRUST,

    Appellee.

_____/

## ORDER ON APPELLANT'S MOTION FOR RECONSIDERATION

This cause came before this Court pursuant to Order from the Eleventh Circuit Court of Appeals. The Eleventh Circuit Court of Appeals remanded the matter to this Court for further review of two orders entered by the Bankruptcy Court on June 7 and June 26 of 2007. The June 7 order by the bankruptcy court struck as untimely Richardson's Motion to Reconsider. The June 26 order denied Richardson's second Motion to Reconsider and explained that his time to file a notice of appeal was not enlarged. A review of the record indicates that, for the following reasons, the decisions of the bankruptcy court shall be **AFFIRMED**.

### BACKGROUND

The instant case originated in the District of Columbia in April of 1994. At that time a bankruptcy petition was filed with the United States Bankruptcy Court for the District of Columbia by the appellant, debtor Theodore Richardson (Richardson). Doc. 5 at 7. The appellee, Ron Petersen (Petersen), a representative of the Jacquelyn Overton Trust (Trust), filed

1

an adversary proceeding against Richardson. Doc. 5 at 7. The adversary proceeding was filed after Richardson, a former attorney appointed as Trustee of the Trust in the late 1980's, allegedly overcharged and misappropriated funds belonging to the Trust. The Trust filed a civil complaint against Richardson in Florida state court in 1990 on the matter. In June of 1994, the Trust filed its first motion (Ex. "B") requesting that the money owed to it be exempt from discharge in the bankruptcy proceedings. Doc. 5 at 7

The case was transferred to the bankruptcy court of the United States District Court for the Middle District of Florida in 1994. In December 1994, Richardson obtained an order of discharge from the bankruptcy court. In March 1995, the Trust filed an amended complaint (App. "A") in the Florida bankruptcy court asserting that the debt owed to the Trust by Richardson was non-dischargeable in the bankruptcy proceeding. Thereafter, in November 1995, the bankruptcy court abated the dischargeability proceedings until the Trust liquidated its civil action against Richardson in a court of competent jurisdiction.

In 2004, the Trust obtained a judgment against Richardson in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida based upon its original state court complaint. The court found in favor of the Trust on Count 1, Breach of Fiduciary Duty, and Count II, Civil Theft. Doc. 1. No. 13. Ex "C." In the state court litigation, Richardson alleged, among other defenses, that the state court lacked personal jurisdiction over him and subject matter jurisdiction over the claim. The Florida court rejected these arguments and held a bench trial on Richardson's liability to the Trust.

With respect to Count I, breach of fiduciary duty, the court found that "there had been an absolute breach in that Mr. Richardson withdrew and received various funds from these trust

account…which ultimately totaled $61,977.67…(a)lthough Mr. Richardson did perform some legal services for the trust, that these sums as received…exceeded any reasonable fee for these services; moreover, that Mr. Richardson acted wrongfully and in absolute violation of his fiduciary responsibility to the trust when he knowingly, willfully, and voluntarily billed and then took these funds without having had any lawful claim to these funds." Doc 1. No. 13. Ex. "C." As to Count II, the court found Richardson "…knowingly obtained trust funds with the intent to permanently deprive the trust of those funds and appropriate those funds to his own use." Doc. 1. No. 13. Ex. "C." The court entered a judgment against Richardson for $208,880.00.

Richardson appealed the judgment, including his jurisdictional and constitutional claims, to the Second District Court of Appeals. The appellate court affirmed the judgment of the trial court. Richardson subsequently appealed to the Florida Supreme Court, which denied his petition for writ of mandamus for lack of the court's authority to hear jurisdictional claims.

In January 2007, the Trust reopened the adversary proceedings to determine dischargeability. The bankruptcy court accepted motions from each side and held a hearing to determine whether the judgment, won in the Florida court, was non-dischargeable. The bankruptcy court found Richardson's debt to the Trust non-dischargeable on May 18, 2007, pursuant to 11 U.S.C.S. §523(a)(4). Doc 1. No. 15-16. The court rejected the Trust's §523(a)(2), fraud, and §523(a)(6), intent to injure, grounds for non-dischargeability, holding that findings of the Florida trial court were insufficient to satisfy the elements of these exemptions from discharge.

Richardson moved to reconsider on May 30, 2007. Doc. 1 No. 17. The bankruptcy court struck the motion as untimely on June 7, 2007. Richardson again moved to reconsider, alleging

3

that his earlier motion was timely. Doc. 1 No. 18. He maintained that because he was served with notice of the bankruptcy court's May 18 decision by mail that the limitation period was enlarged by three days. He also requested at that time an extension to file notice of appeal. The bankruptcy court also denied this motion on June 26, 2007. It explained that Rule 9006(f) did not extend the time to file a notice of appeal and that there was no excusable neglect present which would allow the bankruptcy court to grant an extension to file notice of appeal.

Richardson then filed a notice of appeal in this court, which Petersen moved to strike as untimely. Doc 2. Petersen's motion was denied by the bankruptcy court on the grounds that although Richardson had filed to timely appeal the May 18 judgment he had timely appealed the denial of his two motions to reconsider. Petersen then moved in the district court to dismiss Richardson's appeal. Doc. 4. That motion was also denied, finding that Richardson failed timely to appeal the May 18 judgment or the denial of his first motion to reconsider but that Richardson had timely appealed the denial of his second motion to reconsider. The district court ruled that it would review the denial of Richardson's first motion even though it was not timely appealed because the motion was so closely connected with the second motion. Doc. 7.

The district court affirmed the judgment of the bankruptcy court on August 8, 2007. Doc. 12. It was held that Richardson's debt was nondischargeable. However, it was not mentioned whether the bankruptcy court had erred when it denied the motions to reconsider filed by Richardson. Richardson moved for reconsideration but this was denied by the district court. Doc. 16; Doc. 18.

Richardson then appealed to the Eleventh Circuit Court of Appeals the orders of the district court that denied his motion to reconsider and affirmed the ruling of the bankruptcy court

4

that the debt was nondischargeable. Doc. 19. The appellate court then remanded to this court for the June 7 and June 26 orders to be reviewed. Doc. 21.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158, this Court has jurisdiction to hear this appeal from a final judgment issued by the United States Bankruptcy Court. The Court reviews the legal decisions of the Bankruptcy Court *de novo*. There is no presumption of validity as to the bankruptcy court's findings or recommendations. 1-3 Collier on Bankruptcy 3.03 (15th ed. Rev. 2008). Rather, there is an independent review of the facts and the decision rendered.

The Court applies a "clearly erroneous" standard to the factual determinations of the Bankruptcy Court. In re Sublett, 895 F.2d 1381 (11th Cir. 1990). Notably, it is the function of the Bankruptcy Court, not this Court to make factual findings. Where there is absence or uncertainty concerning factual information, the district court must remand the case to the bankruptcy court to make the necessary factual determinations. Id., *citing* Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987). The determination of "excusable neglect" is reviewed for abuse of discretion. Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322 (11th Cir. 1996).

## DISCUSSION

Richardson is arguing that his Motion for Reconsideration and his subsequent Motion for Reconsideration and to Vacate *Sua Sponte* Order Striking Motion for Reconsideration that were denied by the Bankruptcy Court should be granted by this court. Richardson filed his Motion for Reconsideration a day late, via US mail. Based on this reason the bankruptcy court denied his first Motion for Reconsideration. At the time Richardson filed the Motion for Reconsideration a

party had ten days under the Federal Rules of Bankruptcy Procedure, Rule 8002(a), to file a notice of appeal. The Bankruptcy Court entered its final judgment of non-dischargeability on May 18, 2007. Due to the Memorial Day holiday, Richardson actually had 11 days to appeal. The last day that he could have timely filed was May 29, 2007. On May 30, 2007 Richardson filed his notice to appeal, one day late. The Bankruptcy Court correctly denied Richardson's first Motion for Reconsideration and its decision is affirmed.

In his Motion for Reconsideration and to Vacate *Sua* Sponte Order Striking Motion for Reconsideration, Richardson argues, however, that his motion was timely because a 3 day extension should apply because he sent it through the mail. This argument is incorrect. Rule 9006(f) is only applicable when a period of time begins to run after a party has been served, or received some other notice requiring a response, by mail. Matter of Arbuckle, 988 F.2d 29 (5th Cir. 1993). In the instant case, Richardson was not responding to a form of service. Instead, Richard was filing his own motion. The ten day period allotted by Rule 8002(a) begins to run on the date the order is entered, not the date that it is served. Fed. R. Bankr. P. 8002(a). Because Richardson failed to file his Motion for Reconsideration within the ten day period allotted by Rule 8002(a) the Bankruptcy Court correctly struck the motion as untimely.

In regards to Motion for Reconsideration and to Vacate *Sua Sponte* Order Striking Motion for Reconsideration, Richardson also asked in the alternative for an extension of time to file a notice of appeal. The bankruptcy court also denied this request for an extension of time to file a notice of appeal in its June 27 order. Richardson failed to file his request for an extension of time to file a notice of appeal before the ten-day period for filing a notice of appeal had expired. The Court may only grant such a request after the ten day period expires, and within

twenty days after this period expires, upon a showing of "excusable neglect." Fed. R. Bankr. P. 8002(c)(2.

The United States Supreme Court iterated the factors that are applicable when determining if there is excusable neglect. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 394 (1993). When determining if the neglect was "excusable" the Court concluded that this determination is an "equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. The factors enunciated by the Court to be used are: 1) the danger of prejudice to the nonmoving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay; and 4) and whether the movant acted in good faith. Id.

Applying these factors to the case at hand affirms that the bankruptcy court did not abuse its discretion when it found no showing of excusable neglect on the part of Richardson. The original suit between these parties was filed nearly twenty years ago. Prolonging this case further would prejudice Petersen and would continue to be a drain on judicial resources. There is no reason to believe that Richardson acted in anything but good faith. However, Richardson failed to provide any reason for the delay, and, therefore, excusable neglect.

To file a motion for an extension of time to file a notice of appeal outside of the ten day period to file a notice of appeal, the party is required by the Rule 8002(c)(2) to make a showing of excusable neglect. Richardson made absolutely no showing on this point. The Bankruptcy Court, therefore, did not abuse its discretion because the Richardson utterly failed to make the required showing. Indeed, Richardson failed to make any showing at all.

Lastly, Richardson has repeatedly raised arguments that the Bankruptcy and Florida state courts do not have jurisdiction over this matter. Specifically, he asserts that the judgment of the Florida state court should not be given full faith and credit because the state court lacked both personal and subject matter jurisdiction to hear the matter. Under the Rooker-Feldman doctrine, this Court lacks the authority to examine the jurisdiction of the state court proceedings. The Rooker-Feldman doctrine is premised on 28 U.S.C.S § 1257 and prevents federal district courts and federal appellate courts from reviewing final state court decisions. Only the United States Supreme Court has the authority to review the final judgment of a state court. This applies not only to constitutional claims presented to a state court but also those claims that are "inextricably intertwined" with a state court judgment. Goodman v. Sipos, 259 F.3d 1327, 1339 (11th Cir. 2001) *citing* Siegel v. Lepore 234 F.3d 1163, 1172 (11th Cir. 2001).[1] A party who seeks to appeal a final state court judgment must do so through that state's appellate process, not through the federal court system.

The Eleventh Circuit Court of Appeals recently cast doubt on the four factor test previously set forth to determine if the Rooker-Feldman doctrine precluded federal review of a state court judgment. Nicholson v. Shafe, 558 F.3d 1266 (11th Cir. 2009). In that case, the Court chose not to apply the *Amos* test and instead chose to adhere to the language set forth by the United States Supreme Court in *Exxon Mobil*. See Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249 (11th Cir. 2003); Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280 (2005). The Eleventh Circuit chose to adhere to the language in *Exxon Mobil* delineating the boundaries of the Rooker-Feldman doctrine. Nicholson 558 F.ed.

---

[1] *See also* District Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983); Rooker v. Fidelity Trust, 263 U.S. 413 (1923).

8

1266, 1274 (11th Cir. 2009). In sum, this means that cases brought in federal court by state court losers complaining of their state court judgments, before district court proceedings were commenced, will not be permitted to seek review of those state court judgments in the district court. Richardson has used both the Bankruptcy Court and this Court in an attempt to have the state court judgments rendered against him declared null and void. This is clearly precluded by the Rooker-Feldman doctrine and the United States Supreme Courts recent interpretation of the Rooker-Feldman doctrine. Accordingly, it is

**ORDERED** that the June 7 and June 26 Orders issued by the Bankruptcy Court denying Richardson's Motion for Reconsideration and Motion for Reconsideration and to Vacate *Sua Sponte* Order Striking Motion for Reconsideration are **AFFIRMED** and this appeal is **DISMISSED.**

**DONE and ORDERED** in Chambers, in Tampa, Florida this 16th day of February 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record